## NEW YORK COMMON PLEAS.

### OWENS agt. ACKERSON.

In an action by the contractor against the owner under the Mechanics' Lien Law of 1851 (city of New York), to enforce a lien filed with the county clerk, the owner may set off a demand against the contractor arising out of other matters than those connected with the contract.

*New York Special Term, May* 1853. The action was brought by a contractor against the owner under the mechanics' lien law of 1851, to enforce a lien filed with the county clerk.

The complaint set up in the usual form a payment due upon the contract, and the filing of the notice, &c. with the clerk, to create the lien.

The answer denied the allegations of the complaint and claimed as a set off moneys due from the contractor to the owner, arising out of other matters than those connected with the contract.

The plaintiff demurred to that portion of the answer which contained the set off, upon the ground that none of the charges so sought to be set off were in any way connected with the contract under which the lien was created, and could not be set off in this action.

F. G. LUCKEY, *for Plaintiff.*

MARTIN STRONG and A. F. SMITH, *for Defendant.*

Owens agt. Ackerson.

INGRAHAM, First Judge.—The plaintiff's claim arises under the mechanics' lien law for work done by him under a contract with the defendant. The answer denies portions of the complaint, and sets up moneys due to the defendant from the plaintiff for matters not connected with the contract of the plaintiff, which the defendant claims to set off against the plaintiff's demand. To this set off the plaintiff demurs.

I am at a loss to see any valid reason why, as between the contractor and owner, any set off is not allowable. There is nothing in the statute which confines the set off there provided for to matters arising out of the same contract. On the contrary, when it speaks of a bill of particulars of a set off to the plaintiff's claim, it must mean something else than payments or deductions for deficiencies. These can not properly be termed matters of a set off. If the plaintiff had brought his action against the defendant merely to recover the amount due, any moneys due from him to the defendant would be a proper subject of set off in that action, and the addition to such a claim of a request to foreclose a lien on the defendant's house, furnishes no reason why such a set off should not be allowed. If the proceeding was to foreclose a mortgage, any claim of the mortgagor against the mortgagee might be set up to reduce the amount of the plaintiff's recovery. And as this proceeding is of an equitable character, a set off is peculiarly proper.

Under the previous lien laws, a set off of this nature was always admitted, and even where the action was between the laborer and the owner, any bona fide set off, between the contractor and owner, was held to be a good defence to the laborer's claim (Mosier vs. Hoyt, 4 *Hill*, 193).

The defendant is entitled to judgment on the demurrer, with leave to plaintiff to reply to the counter-claim set up in the answer, on the usual terms.